[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:PLAINTIFF'S MOTION FOR CONTEMPT
The plaintiff has moved this court to find the defendant in contempt of certain orders entered as part of a judgment of dissolution which entered on March 14, 1997.
Specifically, the plaintiff offered evidence and testimony that the defendant had failed to contribute to her counsel fees in the amount of $2,500.00, as ordered.
Further, the plaintiff seeks an order of this court that the defendant return to her the following personal property: approximately 50 pieces of crystal objects (ranging from little animal figures to plates and wine glasses); 25 or 30 Disney-type videotaped movies for children; one-half of the family photo collection. These are items which were requested as part of her proposed orders at the time of trial and which remain a point of contention between the parties. In its March 14, 1997 orders from the bench dissolving the marriage of the parties, the court (Shortall, J.) specifically directed the defendant to return to the plaintiff the above-mentioned items, among other things, IF he had no objection to doing so. If there was no such agreement, Family Relations was to take up the matter. Implicit in that ruling was the specter of orders by the court if all else failed to result in an agreement as to said personalty.
Having heard the arguments of the parties and having reviewed the prior orders, the court makes the following findings and orders. CT Page 4794
The court finds that the defendant has made several tenders of payment to counsel for the plaintiff regarding the $2,500.00 counsel fees he was ordered to pay. Most of these tenders were in rather nominal amounts and were refused by plaintiff's counsel.
The defendant maintained that his average net weekly income (without overtime) is approximately $198.00 — an amount that has prohibited him from setting aside sufficient funds to pay the $2,500.00 counsel fees.
The court finds that over the many months since being ordered to pay said amount, the defendant has been in receipt of rather substantial sums of money, including periodic net weekly paychecks over much of that time in amounts exceeding $370.00; occasional supplemental police income, including a lump-sum overtime paycheck on December 5, 1997 in the amount of $2,464.00; a clothing allowance and paycheck January 2, 1998 of $933.67, and occasional overtime-enhanced paychecks ($899.00 on December 24, 1997; $733.67 on January 2, 1998; $731.19 on January 9, 1998; $732.19 on January 23, 1998; and $682.19 on January 29, 1998) (Plaintiff's Ex.#3).
The defendant, during that time, also came into a personal injury settlement award in excess of $10,000.00 which, after certain financial obligations were satisfied, left the defendant with approximately $6,627.39, a substantial portion of which he used to pay his own counsel fees. He also received an IRS refund check in the amount of approximately $5,587.00 in July, 1997 — none of which was set aside to pay the $2,500.00 counsel fee he owes to the plaintiff's counsel.
The court finds that the defendant has had ample opportunity to comply with the court's order to pay $2,500.00 to plaintiff's counsel since June 2, 1997 and that he has knowingly and willfully failed to obey that order.
The motion for contempt is granted.
The defendant is to paid said amount within 30 days of this order. Thereafter, a fine of $50.00 per day shall be assessed against the defendant until payment is made. In addition, the defendant is ordered to pay to counsel for the plaintiff the additional sum of $300.00 for the cost of prosecuting this CT Page 4795 motion. That amount shall also be paid within 30 days of this order.
In regard to the personal property issues, the court has considered the testimony of the parties and finds that the defendant's version of the facts concerning the division of the personalty is somewhat less than credible. The only portion of his testimony that the court had no trouble accepting was his admission that in a fit of anger he smashed open the cabinet containing some of the crystal causing some of it to be broken, and that he then retrieved the parties' wedding album and slashed out of it all of his images and then gave it to the plaintiff.
He also testified that he took the plaintiff's wedding ring and "sold it on the street" for $200.00.
He also conceded that he took a number of the children's Disney videos and sold them, noting that they were videos for "little" children.
Such mean-spirited behavior indicates a somewhat less than compliant approach to the plaintiff's request for return of the items at issue. It also makes his testimony that "someone", but not he, must have removed the literally hundreds of family snapshots from a bureau drawer and disposed of them without his knowledge or consent.
Having made such findings, the court orders the defendant to return to the plaintiff the following items of personal property: the crystal collection, the entire videotape movie collection, or its value, and one-half of the family photographs in good condition.
This matter is continued to Monday, May 4, 1998 for further proceedings — specifically for a determination of compliance by the defendant with the foregoing orders. A finding on that date that the defendant is in contempt of said orders will result in additional sanctions including possible incarceration.
By The Court
Joseph W. Doherty Judge CT Page 4796
CT Page 4796